UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SYFACT, INC.,
    Plaintiff,

v.                              CASE NO. 3:07CV661(RNC)

RAJAT K. DAS
    Defendant.

## ORDER ON MOTION TO COMPEL

Pending before the court is the defendant's Motion to Compel (doc. #42).[1] The defendant seeks an order compelling the plaintiff to respond to the following requests for production:

> 1. All documents prepared for and/or distributed in connection with any Syfact corporate status meeting occurring in November 2006 which concerned, among other things, employee reporting responsibilities.
>
> 2. All organizational charts prepared by or circulated at Syfact in November 2006.
>
> 3. All documents circulated in connection with a Syfact corporate status meeting occurring on November 14, 2006.

The defendant explains that this discovery relates to his contention that he was "demoted from Product Manager to Pre-Sales Engineer in November 2006." (Def's Mem., doc. #42-3 at 2.) He argues

---

[1] Under this court's Standing Order on Scheduling in Civil Cases, §3, parties may not commence formal discovery until their 26(f) report has been filed. Such a report had not yet been filed when the defendant served his discovery request or when he filed this motion to compel. The court ordered expedited discovery due to the pending preliminary injunction (doc. #23), but this discovery request was propounded on June 13, the day *after* the preliminary injunction hearing. The plaintiff has not, however, objected to the discovery or the motion as premature under the Standing Order.

that the requested information is relevant to the credibility of the plaintiff's General Manager, Robert Conrad, who testified at the preliminary injunction hearing about the issue of whether the plaintiff was or was not demoted. The defendant also argues that it is relevant "to the job responsibilities Das had during the last months of his employment with Syfact. That topic is important because it demonstrates the lack of knowledge and access Das had to confidential trade secrets and other data regarding Syfact's business." (Id. at 3.)

The plaintiff has objected to these requests as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff argues that plaintiff's demotion and/or termination are irrelevant to the enforceability of the covenant not to compete signed by the plaintiff. Plaintiff also takes exception to the defendant's allegations about its witness's credibility.

The Amended Complaint alleges, among other things, that "[a]s the Product Manager of Syfact, Das had complete control over the process of developing and marketing Syfact Investigator." (Doc. #17, ¶ 30.) There are extensive allegations about his job responsibilities and his access to proprietary information. (Id., ¶¶ 30-33.) The plaintiff alleges that, because of his role as Product Manager, the defendant had extensive knowledge of the plaintiff's confidential information, including both its software and its business plans. (See, e.g., id., ¶¶ 32-33.) In addition to its claim that the defendant breached his covenant not to compete, the plaintiff also alleges that he violated Connecticut's Uniform Trade Secrets Act, the Connecticut Unfair Trade

2

Practices Act, and a nondisclosure agreement by disclosing plaintiff's confidential information. (Id., ¶¶ 56-58, 61-64, 66-70.) As a defense to this misappropriation claim, the defendant apparently contends that he was demoted and that his access to confidential information was reduced as a result of that demotion. The court finds that these discovery requests are relevant to the issue of whether the defendant disclosed confidential information as alleged by the plaintiff.

The defendant's motion to compel is therefore GRANTED.

SO ORDERED at Hartford, Connecticut this 5th day of October, 2007.

          _____/s/_____
          Donna F. Martinez
          United States Magistrate Judge